IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRANCE F. WADDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 119-086 |
| ) | |
| STAN SHEPHARD, Former Warden ASMP; ) | |
| FNU COLLIER, Former Captain ASMP; and ) | |
| P.A. REAVES, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or

detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits. (Doc. no. 1, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits dealing with facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id. at 2-3.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

## II. DISCUSSION

In response to a question on the form complaint, Plaintiff answered he had not previously filed any lawsuit in federal court while incarcerated or detained in any facility. (Id. at 2.) However, the Court is aware of at least one other case Plaintiff filed which he failed to disclose: Waddell v. Clayton Cty. Sheriff Dep't, 1:03-cv-01228-TWT (N.D. Ga. May 6, 2003).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose

3

previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cty. of Johnson, GA, CV 318-076 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about filing other federal lawsuits were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be

4

**DISMISSED** without prejudice as a sanction.

SO REPORTED AND RECOMMENDED this 11th day of July, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA